UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAN DIAMANT
*Plaintiff*

vs. C.A. No. 17-548

UTGR, Inc. dba Twin River Casino and John Does, various security personnel employed by Twin River Casino, as well as police officers employed by the Town of Lincoln, Rhode Island; and Detective Trooper Lawens Fevrier, Rhode Island State Police,
*Defendants*

**DEFENDANT, TOWN OF LINCOLN, RHODE ISLAND'S STATEMENT OF UNDISPUTED FACTS**

1. On the evening of July 2, 2016, Police Officers Joseph Anterni ("Officer Anterni") and Russell Enos ("Officer Enos") were working a police detail at Twin River Casino. Dep. Tr. of Joseph Anterni (Dec. 12, 2018) at 23:18-23, (Exhibit E to Memo).

2. Upon receiving a call from Twin River Security, Officers Anterni and Enos responded to the table games near the casino's West Entrance for a report of a non-compliant patron. Lincoln Police Dept. Narrative for Patrol Officer Joseph Anterni at 1 (Exhibit B to Memo).

3. When Officers Anterni and Enos arrived at the casino floor, they observed Plaintiff Dan Diamant ("Plaintiff") standing with Twin River Security Guards including Captain Kyle. Anterni Dep. Tr. at 26:5-8 (Ex. E).

4. Before the Officers could speak with Twin River Security to determine why they had been called, Plaintiff began asking Officer Anterni if he was free to leave. Dep. Tr. of Dan Diamant (Dec. 7, 2018) at 41:7-10 (Exhibit A to Memo); *see also* Anterni Dep. Tr. at 26:5-8 (Ex. E).

5. Officer Anterni informed Plaintiff that he did not know what was going on and therefore asked Plaintiff to hold on. Anterni Dep. Tr. at 26:19-21 (Ex. E); Diamant Dep. Tr., at 41:7-9 (Ex. A).
6. Officers Anterni and Enos went over to Twin River Security Captain James Kyle ("Captain Kyle") to ascertain why they had been called to the casino floor. Anterni Dep. Tr. at 26:19-23 (Ex. E).
7. Captain Kyle informed Officers Anterni and Enos that Plaintiff was counting cards and was to be permanently ejected. However, the State Police had been called and they wanted to question Plaintiff. *Id.* at 27:6-10.
8. Officer Anterni subsequently explained to Plaintiff that the State Police wished to speak with him and that Twin River wanted to eject him for counting cards. *Id.* at 28:16-19.
9. The Twin River surveillance department had contacted the on-call detective from the Rhode Island State Police, Gaming Enforcement Division, Corporal Lawens Fevrier ("Corporal Fevrier") and advised him that they had an individual on the floor who they believed to be counting cards, had been ejected from Foxwoods the prior night as a confirmed advantage player, but was refusing to produce identification to complete their intended ejection notice.[1] Dep. Tr. of James Kyle, III (Mar. 18, 2019) at 16:11-14 (attached Exhibit B to Memo).
10. Twin River provided Corporal Fevrier with the presumed name and date of birth of Plaintiff from the Foxwoods correspondence. Dep. Tr. of Lawens Fevrier (Jan. 16, 2019) at 29:22-24 (attached Exhibit C to Memo). Corporal Fevrier had Plaintiff's presumed name and date of birth run through the state control but the results came back "negative." *Id.* at 30:2-7.

[1] The Rhode Island Lottery requires that any suspected gaming infraction be reported to the Rhode Island State Police for investigation. *See* R.I. Lottery Rules and Regs., § 20.11 C (2019).

According to Corporal Fevrier, this means that the person did not exist in the United States. *Id.*

11. Neither of the LPD Officers did anything to physically prevent Plaintiff from leaving the casino. *See* Diamant Dep. Tr., at 44-49 (Ex. A).

12. Plaintiff confirmed that the Lincoln Police officers arrived and just stood there. Id. at 40:13-14 & 41:2-4. (Ex. A).

13. Captain Kyle asked Plaintiff to accompany him and several Twin River security guards to an interview room. *Id.* at 46:19-23 (Ex. A).

14. When Plaintiff expressed concern about going into the interview room with Twin River Security, Officer Anterni explained to Plaintiff that the interview room was private and equipped with a surveillance camera in an effort to make Plaintiff more comfortable. *Id.* at 48:18-21 (Ex. A); Anterni Dep. Tr. at 29; 36-37 (Ex. E).

15. Officer Anterni did not encourage Plaintiff to go to the interview room. Anterni Dep. Tr. at 37:10-14 (Ex. E).

16. Plaintiff asked Officer Anterni to accompany him to the interview room because he did not feel comfortable being alone with Twin River Security personnel. Diamant Dep. Tr., at 48:10-16 (Ex. A); *see also* Anterni Dep. Tr. at 29-30 (Ex. E).

17. Because Plaintiff asked, Officer Anterni agreed to accompany Plaintiff to the interview room. *Id.* at 48:22-23 (Ex. A).

18. According to Plaintiff, neither Lincoln police officer ever touched him and although Officer Anterni complied with Plaintiff's request to go to the interview room with Plaintiff, Plaintiff was disappointed that Officer Anterni did not stay with him the entire time. *Id.* at 45:10-13 & 49-50:1-2 (Ex. A).

19. Officer Anterni was friendly toward Plaintiff. *See Id.* at 40:15-17 (Ex. A).

20. Plaintiff never spoke with Officer Enos. *See Id.* at 40:18-21 (Ex. A).

21. The entire interaction between the LPD Officers and Plaintiff lasted no more than ten minutes. Anterni Dep. Tr. at 40:8-10 (Ex. E).

Defendant,
By its attorneys,

*/s/Marc DeSisto*

*/s/Kathleen A. Hilton*

Marc DeSisto, Esq. (#2757)
Kathleen A. Hilton, Esq. (#9473)
DESISTO LAW LLC
60 Ship Street
Providence, RI 02903
401-272-4442
marc@desistolaw.com
katie@desistolaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that the within document has been electronically filed with the Court on this 23rd day of August, 2019 and is available for viewing and downloading from the ECF system.

Thomas G. Briody, Esq.
tbriodylaw@aol.com

Paul R. Crowell
paul.crowell@zurichna.com

Justin J. Sullivan
jjsullivan@riag.ri.gov

Kate C. Brody
kbrody@riag.ri.gov

*/s/Marc DeSisto*
Marc DeSisto