UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAN DIAMANT<br>*Plaintiff*<br><br>v.<br><br>UTGR, Inc. dba Twin River Casino and John Does, various security personnel employed by Twin River Casino; as well as police officers employed by the Town of Lincoln, Rhode Island; and Detective Trooper Lawens Fevrier, Rhode Island State Police,<br>*Defendants* | C.A. No. 17-548-JJM-PAS |

**DEFENDANTS', TOWN OF LINCOLN, JOSEPH ANTERNI AND RUSSELL ENOS, MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF TEXT ORDER GRANTING MOTION TO AMEND**

Defendants, Town of Lincoln, Joseph Anterni and Russell Enos move for Reconsideration of the Text Order granting Plaintiff's Motion to Amend its Complaint to add two (2) Defendants outside the statute of limitations. *ECF Notice, Text Order (Sept. 5, 2019).* In support thereof, Defendants represent that Plaintiff filed a Motion to Amend their Complaint on the afternoon of September 4, 2019. See *ECF No. 35 (Sept. 4, 2019).* The proposed amendment sought to add Lincoln Police Officers, Joseph Anterni and Russell Enos as named defendants in place of the "John Doe" defendants beyond the statute of limitations. *Id.* The following morning, <u>before</u> Defendant had an opportunity to respond or object to the pending Motion, this Court granted, by ECF Text Order, the Motion to Amend. See *ECF Notice, Text Order (Sept. 5, 2019).*[1]

---

[1] It is noteworthy that in Plaintiff's Motion to Amend, Plaintiff erroneously concludes with the statement that "**Defendant** further relies on the accompanying memorandum." ECF. No. 35 (emphasis added). Thus, it is possible that this Court understood that Plaintiff was representing that Defendant had consented to the Motion to Amend. However, this misstatement appears to merely be a typographical error by the Plaintiff who was seeking to incorporate its own Memorandum in support of the Motion.

1

Defendants now move for reconsideration of that Text Order and seek to respond to Plaintiff's Motion to Amend and Object to the same.

Defendants submit that this Court should reconsider the Text Order first and foremost because Defendants did not have an opportunity to respond or object to the same. Upon reconsideration, the Motion should be denied because the addition of the new Defendants is outside the statute of limitations and the addition of the individual defendants does not relate back to the filing of the instant action under Rule 15(c)(1)(C). In support of his Motion to Amend, Plaintiff averred that although outside the statute of limitations, the claims against the officers relate back to the filing of the original under Rule 15(c)(1)(C) because the officers were deposed within the statute of limitations and thus were not prejudiced because they had notice of the complaint within the limitations period. *ECF No. 31.1, at 1-2.*[2] Respectfully, this is not the standard for addressing a Motion to Amend to identify a new defendant after the statute of laminations has expired.

Under Rule 15(c)(1)(C) an amendment to add or <u>change a party</u> relates back only if, in addition to arising from the same transaction "within the period **provided by Rule 4(m) for serving the summons and complaint** the party to be brought in . . . (i) received such notice of the action that it will not be prejudiced in defending on the merits **and** (ii) knew or should have known that the action would have been brought against it, but for a **mistake** concerning the property party's identity." Fed.R.Civ.P., Rule 15(c)(1)(C).[3] In this case, Plaintiff failed to meet both elements. That is, he has not demonstrated that a qualifying "mistake" concerning the

---

[2] Officers Enos and Anterni were deposed on December 12, 2018. The original Complaint was filed on November 28, 2017 and the statute of limitations expired on July 2, 2019.
[3] Rule 15(c)(1)(C) also requires a showing that the claims against the officers arise from the same transaction or occurrence. Plaintiff's Amended Complaint meets this element.

2

party's identity was made nor has he shown that Officers Enos or Anterni received notice of the Complaint "within the period provided by Rule 4(m)." *Id.*

Looking first at the requirement that Plaintiff demonstrate a "mistake", it is settled that not knowing the identity of a "John Doe" is not a "mistake" under 15(c)(1)(C) such to allow the naming of the "John Doe" outside the statute of limitations to relate back to the filing of the Complaint. In *Bussell v. Rhode Island,* No. 14-109 S, 2014 U.S. Dist. LEXIS 101729, at *5 (Smith, USDJ) (D.R.I. July 25, 2014), Judge Smith held:

> An amendment to substitute a named individual for a "John Doe" defendant does not relate back to the time of the original filing because the "plaintiff's lack of knowledge as to the identity of a defendant, unlike a misnomer or a misidentification of a defendant, **does not constitute a mistake under [Rule 15(c)(1)(C)(ii)]."** This is true in "[t]he overwhelming majority of federal appellate courts that have considered the issue." This approach also makes sense as a matter of policy "because otherwise any complaint with 'John Doe' defendants would have an indefinite and potentially infinite limitations period." (citations omitted).

*Bussell ,* No. 14-109 S, 2014 U.S. Dist. LEXIS 101729, at *5 (emphasis added). See also *Gonzalez-Madera v. De Jesus,* No. CIVIL 08-1260 (JA), 2010 U.S. Dist. LEXIS 4245, at *10 (D.P.R. Jan. 20, 2010).

Judge Smith explained that the "so-called "mistake proviso was drafted to resolve the problem of a misnamed defendant and allow a party to correct a formal defect such as a misnomer or misidentification." *Id.* See also Fed. R. Civ. P. 15, *Advisory Committee's Note to 1991 amendment*. "Accordingly, an amendment to change the name of a defendant relates back only "where there has been an error made concerning the identity of the proper party," and not "where . . . there is a lack of knowledge of the proper party."" *Id.* citing *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)) (internal quotation marks omitted).

3

In this case, the lack of "mistake" becomes even more apparent upon recognition that Plaintiff actually knew the identity of the officers **before** the filing of the Complaint. That is, as Plaintiff testified at his deposition, he obtained the names and/or badge numbers of the Lincoln police officers on the night of the incident. *Deposition of Dan Diamant (Dec. 12, 2018) at 86:12-87:10.* Nevertheless, rather than name and serve the officers at the time of the filing of the Complaint, Plaintiff identified "John Doe" defendants in the Complaint and then waited until after the running of the Statute of Limitations and after the filing of dispositive Motion to seek to amend to name the Officers. Plaintiff therefore cannot claim that there was any form of "mistake" in the naming of the proper parties to this suit because, even if he lacked their identity, lacking identity of the John Doe defendants is not a mistake under Rule 15(c)(1)(C). Accordingly, Plaintiff's Motion to Amend should be denied in the first instance because Plaintiff cannot demonstrate that there was a "mistake as to the party's identity" under Rule 15(c)(1)(C)(ii). *Id.*

In addition to the lack of "mistake", under Rule15(c)(1)(C)(i) an amendment to add or change a party relates back only if, "within the period provided by <u>Rule 4(m) for serving the summons</u> and complaint" the new party received such notice so that it will not be prejudiced. Fed.R.Civ.P., Rule 15(c)(1)(C)(emphasis added). Although Plaintiff maintained that the individual defendants received notice within the time frame of the statute of limitations, Plaintiff made no effort to demonstrate such notice was received within the ninety (90) day time constraints of Rule 4(m).[4]  Plaintiff thus fails to demonstrate that the amendment to the

---

[4] Plaintiff, however, does appear to recognize the Rule 4(m) notice requirement in footnote 1 of his Memo where he comments that "[Rule]15(c)(1)(C) is subject to [Rule] 4(m)." *Plaintiff's Memorandum in Support of Motion to Amend, at 2, n.1.* However, rather than present an argument as to whether the officers received proper notice with the 90 days after the filing of the original Complaint, Plaintiff erroneously states that Defendant moved for summary judgment but

Complaint relates back to the filing of the original Complaint in accordance with Rule 15(c)(1)(C(i)  See also <u>Figueroa v. Rivera</u>, 147 F.3d 77, 82-83 (1st Cir. 1998) (failure to identify and serve "John Doe" defendants within the timeframe provided under Rule 4(m) is basis for dismissal of the Complaint against the anonymous defendants unless it can be shown that something prevented the identification of the Doe defendants).  Therefore, because Plaintiff failed to identify and serve the John Doe defendants within the timeframe of Rule 4(m) and cannot demonstrate that anything prevented Plaintiff from identifying these officers,[5] Plaintiff's Amended Complaint does not relate back to the filing of the original Complaint under Rule 15(c)(1)(C)(i).

Thus, as described *infra*, Plaintiff's Amended Complaint does not relate back under Rule 15(c)(1)(C) in that the lack of the individual defendant officers' identity is not a 'mistake' and there is no evidence that notice within the 90 day timeframe contained in Rule 4(m) was afforded the individual officers.  Accordingly, for the reasons stated herein, Defendants respectfully request that this Court reconsider the Text Order granting Plaintiff's Motion and grant Defendants an opportunity to object and respond by considering the arguments made herein. In reconsideration of Plaintiff's Motion and Defendants' objection thereto, Defendants request that this Court DENY the Motion to Amend.

---

did not move to dismiss under Rule 4(m).  Plaintiff fails to identify the significance of this alleged failure to move to dismiss under 4(m) or its impact on Rule 15(c)(1)(C)'s requirement that notice be provided within 90 days of the filing of the Complaint.  But even if it is significant, Plaintiff is simply wrong.  Defendant's Memorandum in support of its Motion specifically states:
> Before addressing the Town's Motion for Summary Judgment, Defendant first submits that Plaintiffs' state and federal claims against the "John Doe" defendants . . . **should be dismissed under Rule 4(m).**  ECF No. 31.1, at 5.

[5] In addition to obtaining the officers' identity the night of the incident, Plaintiff received the Town's discovery responses in May 25, 2018, confirming the identity of the officers. See *Town's Interrogatory Responses, Response #2 (May 25, 2018); Town's Response to Request for Production of Documents, Response #3 (May 25, 2018)*.

5

        Defendants,
        By their attorney,

        */s/ Marc DeSisto, Esq.*
        Marc DeSisto, Esq. (#2757)
        DESISTO LAW LLC
        60 Ship Street
        Providence, RI 02903
        (401) 272-4442
        Fax: (401) 533-9848

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 12th day of September, 2019, and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

Thomas G. Briody, Esq.
tbriodylaw@aol.com

Paul R. Crowell
paul.crowell@zurichna.com

Justin J. Sullivan
jjsullivan@riag.ri.gov

Kate C. Brody
kbrody@riag.ri.gov

Brenda Baum
bbaum@riag.ri.gov

        */s/ Marc DeSisto, Esq.*