IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

DAN DIAMANT, Plaintiff

vs.    CA No. 17- cv548 JJM-PAS

UTGR, Inc. dba Twin River Casino,
Et al.

### SUPPORTING MEMORANDUM OF PLAINTIFF IN RESPONSE TO DEFENDANT TOWN OF LINCOLN'S MOTION FOR RECONSIDERATION

Defendant police officers Joseph Anterni and Russell Enos of Lincoln ask this court to reconsider its order granting Plaintiff Dan Diamant's motion for leave to amend his complaint. Defendants argue that the court overlooked its substantive arguments against allowing an amended complaint, and reiterate arguments made in support of a motion for summary judgment. Plaintiff's counsel unfortunately failed to seek leave to file an amended complaint specifically identifying the two officers within three years of July 2, 2016. Anterni and Enos ask this court to grant them judgment for failure to identify them within the three year statute of limitations period. They argue that plaintiff knew their identities within the limitations period, and should not be permitted to amend his complaint now that the statute has run.[1]

For the reasons set forth in this memorandum, the motion to reconsider should be denied, both because a motion to reconsider is an unnecessary vehicle for deciding this issue and because defendants are wrong on the merits. Denial of reconsideration would be without prejudice to the defendants arguing this issue in their motion for summary

---

[1] This cause of action arose on or about July 2, 2016, meaning that the three year statute of limitations would run on July 2, 2019.

1

judgment.[2]  When this court reaches the merits, defendants' substantive argument should be denied because the amended complaint (with the specifically identified officers) relates back to the original complaint, as more fully discussed below.

## A MOTION TO RECONSIDER IS AN IMPROPER METHOD FOR ADDRESSING DEFENDANT'S ARGUMENT.

As a preliminary matter, this court should focus on who has been sued and who has not. Plaintiff sued (1) UTGR, d/b/a Twin River and John Doe Twin River security officers; (2) John Doe police officers employed by the Town of Lincoln; and (3) Lawens Fevrier, a Rhode Island State Trooper.  Plaintiff served the Lincoln John Doe officers—later identified as Anterni and Enos—by and through the Town Clerk for the Town of Lincoln.  Plaintiff never named the town of Lincoln as a defendant.

Marc DeSisto, Esq., and his law office, answered on behalf of "the Town of Lincoln" on December 14, 2017, three weeks after the complaint was filed, and despite the fact that Lincoln was never named as a defendant.  Since that time, Mr. DeSisto and his office have diligently represented the Lincoln John Doe officers Anterni and Enos.  Mr. DeSisto has produced discovery, indentifying Anterni and Enos as the officers involved in plaintiff's detention at Twin River on July 2, 2016.  He personally deposed the plaintiff on behalf of the officers, and lawyers from his office defended Anterni and Enos when they were themselves deposed.

---

[2] Defendant Lincoln police officers have also sought a ten day extension to answer the complaint should the motion to reconsider be denied. See document 38, Motion for extension of time.  Plaintiff does not object to a time extension.

2

When Mr. DeSisto moved for summary judgment, it was on behalf of the Lincoln John Doe officers Enos and Anterni. The motion raised several arguments, including their claim that filing an amended complaint is time barred.[3] There is no serious question as to whether these officers knew or should have known that they were the John Doe officers identified in plaintiff's complaint.

A motion to dismiss pursuant to Rule 12 (b) or a motion for summary judgment pursuant to Rule 56 is the appropriate method for addressing the issues raised in defendants' motion to reconsider. This court should deny the motion to reconsider without prejudice to Anterni and Enos raising their statute of limitations argument in their motion for summary judgment.

## THE SUBSTANTIVE ARGUMENT RASIED BY ANTERNI AND ENOS FAILS BECAUSE THE AMENDED COMPLAINT RELATES BACK.

Defendants' arguments are based on Fed. R.C.P. 15 (c), which governs the amendment of pleadings. Rule 15 (c)(1)(C) allows such an amendment to "relate back" to a timely filed complaint where the actions arise from the same transaction or occurrence, and within the period provided in F.R.C.P 4(m), and the now specifically identified defendants had notice of the action and knew or should have known that the action would have named them but for a mistake concerning the party's identity.[4] Defendants focuses on the term "mistake," and rely on Bussell v. Rhode Island, no. 14-109S, U.S. Dist. LEXIS 101729 (U.S. Dist. Ct., D.R.I. July 25, 2014). Defendant suggests that not knowing the identity of a John Doe defendant is not a mistake under

---

[3] Defendants also argue that they are entitled to qualified immunity.
[4] Rule 4(m) provides for dismissal for failure to timely serve "on motion or on its own *after notice to the plaintiff*. Fed. R. C. P. 4(m). Here, neither the court nor defense counsel for Lincoln and the officers raised this issue.

Rule 15. Despite the fact that the defendant officers were identified in discovery, and deposed while represented by counsel, defendants also argue that the statute of limitations now shields them from liability. Defendant's arguments are misplaced, and stand in sharp contrast to recent U.S. Supreme Court precedent and the interpretation of Rule 15 that has flowed from that teaching with regard to John Doe defendants.

In Krupski v. Costa Crociere, 560 U.S.538 (2010), the United States Supreme Court reversed a district court dismissal of a personal injury complaint where the district court found that the complaint did not relate back under Rule 15(c).[5] The Supreme Court held that relation back depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading. Justice Sotomayor, writing for the majority, observed that the proper starting point is not what the plaintiff knew or should have known at the time of filing its complaint, but whether the ***prospective defendant knew or should have known*** that it would be named as a defendant but for the mistake. Krupski, 560 U.S. at 548 (emphasis added). The court also rejected the respondent's argument that the plaintiff unreasonably delayed filing an amended complaint after learning of the proper entity to name as a defendant in a personal injury matter stemming from an accident on a cruise ship. The court stated that rule 15 (c)(1)(C) "plainly sets forth an exclusive list of requirements for relation back, ***and plaintiff's diligence is not among them***." Id., at 553 (emphasis added). The court's interpretation focused on the balance struck within relation back doctrine between defendants' interest in repose after the expiration of the statute of limitations,

---

[5] Bussell, the case relied upon by defendant Lincoln, makes no mention of Krupski.

4

and the Federal Rules of Civil Procedure's preference for resolving disputes on their merits. Id., at 550.

Notwithstanding the holding of the district court in Bussell, the First Circuit also offers a much more expanded interpretation of the term "mistake" in Leonard v. Parry, 219 F.3d 25 (1st Cir. 2000). Leonard involved a personal injury claim arising from an automobile accident in New Hampshire. Plaintiff mistakenly identified the owner of the car as a defendant, and did not file a complaint identifying the correct defendant—the driver of the car—until after the statute of limitations had run. The First Circuit reversed a district court dismissal of the claim under rule 15(c)(3).[6] Judge Selya devoted much of his analysis to the word "mistake," citing Webster's Ninth New Collegiate Dictionary (1983) to define the word as "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention." The court observed that virtually by definition, every mistake involves an element of negligence, carelessness, or fault—and the language of Rule 15 does not distinguish among types of mistakes concerning identity. Leonard, 219 F.3d at 29.

Defendant argues that Mr. Diamant actually knew the identities of the officers at the time he was detained at Twin River, citing to his deposition. This places a high gloss on Mr. Diamant's testimony. While detained, Mr. Diamant asked for names and badge numbers, but did not write them down. He also said he could not recall whether he was given a piece of paper with the names of the Lincoln officers nor whether he wrote it down later. See Diamant deposition, pp. 86-87. Mr. Diamant's inability to clearly recall

---

[6] Rule 15 (c)(3) is a precursor to current rule 15 (c)(1)(C). The rule was amended in 2007 "as part of a general restyling of the Civil Rules to make them more easily understood and terminology consistent throughout the rules," and was intended to be stylistic only. See United States Code Annotated, Rule 15, Notes, 2007 Amendment.

the names of the officers led to the filing of the original complaint with only "John Doe" defendants from Lincoln.

Nor can defendants rely on the badge numbers allegedly provided to plaintiff. Police badge numbers can change over time, as officers retire or leave the department, and the officers are issued new badge numbers. The true identities of the officers involved were not confirmed until after suit was filed, and the discovery process had commenced.

In the wake of Krupski, several district courts presiding over John Doe cases have relied on its teaching in rejecting the argument made by defendants here that a lack of information is not a mistake under Rule 15. See White v. City of Chicago, No. 14 cv 3720 2016 WL 4270152 (N.D. Ill. Aug. 15, 2016)(rejecting motion to dismiss based on Rule 15, citing Krupski's definition of mistake to include error, misconception, misunderstanding, inadequate knowledge and inattention), Smith v. City of New York, 1 F.Supp. 3d 114, 121 (S.D.N.Y. 2013), Abdell v. City of New York, 759 F.Supp. 2d 450, 457 (S.D.N.Y. 2010) ("After Krupski, it is clear that a 'mistake concerning the proper party's identity' under Rule 15 (c) includes lack of knowledge regarding the conduct or liability of that party."); See also Abernathy v. Dewey, C.A. no. 15-10431, (D. Mass. 1917) (allowing amended John/Jane Doe complaint identifying defendant, and citing Krupski with approval in footnote); See also Note: Krupski and Relation Back for Claims against John Doe Defendants, 86 Fordham Law Review Issue 4, Art. 20 (2018).

Officers Anterni and Enos knew or should have known that they were the John Doe defendants identified in the original complaint. The town of Lincoln was placed on notice of a claim per the statutory requirements of the state of Rhode Island. Both

officers were identified in discovery by attorney DeSisto, who seamlessly represented them.  Both officers were deposed under oath, and offered detailed (Anterni) and vague (Enos) testimony about what occurred on the night of July 2, 2016.

This is not a surprise amendment.  On balance, Krupski makes clear that the defendants' interest in repose is outweighed by the federal civil justice system's strong interest in resolving claims on their merits.  Dismissal of these officers based on Rule 15 is an extreme and unwarranted remedy.  The motion to reconsider should be denied.  Defendants may renew the issue in their summary judgment argument, but again, based on the reasons set forth here, defendants' position lacks merit, and under Krupski and its progeny, should be denied.

/S/
Thomas G. Briody, Esq. #4427
Law Office of Thomas G. Briody
91 Friendship Street
Providence, RI 02903
Telephone: (401) 751-5151
Facsimile: (401) 421-0876

## CERTIFICATION

The undersigned certifies that a true copy of these interrogatories were served via first class mail and electronic mail to Paul R. Crowell, Engleberg and Bratcher, 100 High Street, Boston, MA 02110, Brenda Baum, Rhode Island Department of Attorney General, 150 S. Main Street, Providence, RI 02903, and Marc DeSisto, 60 Ship Street, Providence, RI 02903 on this 17 of September, 2019.

7