## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DANIEL DIAMANT,**<br>　　*Plaintiff*<br><br>**v.**<br><br>**UTGR, INC. d/b/a Twin River Casino,** *et al.***,**<br>　　*Defendants* | C.A. No. 1:17-cv-00548-MSM-PAS |

### STATE DEFENDANT'S STATEMENT OF UNDISPUTED FACTS

1. On July 2, 2016, Corporal Lawens Fevrier was a member of the Rhode Island State Police Gaming Enforcement Unit.

2. On the evening of July 2, 2016, Plaintiff was playing blackjack at Twin River Casino in Lincoln, Rhode Island.

3. While playing blackjack at Twin River Casino on July 2, 2016, Plaintiff was counting cards not using a device.

4. Twin River called the on-call detective from the Rhode Island State Police, Gaming Enforcement Division, Corporal Fevrier and advised him that they had an individual on the floor who they believed to be counting cards, had been ejected from Foxwoods the prior night as a confirmed advantage player, but was refusing to produce identification to complete their intended ejection notice. Dep. Tr. of James Kyle, III, Mar. 18, 2019, at 16:11-16:14.

5. Twin River provided Corporal Fevrier with the presumed name and date of birth of Plaintiff from the Foxwoods correspondence. Dep. Tr. of Lewens Fevrier, Jan. 16, 2019 at 29:22-29:24.

6. Corporal Fevrier had Plaintiff's presumed name and date of birth run through the state control but the results came back "negative." *Id.* at 30:02-30:07.

7. Corporal Fevrier presented himself at the Casino so he could sign the ejection notice. *Id*. at 71:19-71:24, 72:01-72:06.

8. Twin River security did not inform Corporal Fevrier during the call that Plaintiff asked to leave the casino.

9. Corporal Fevrier arrived entered the interview room, his badge visible around his neck as he was in plain clothes, introduced himself to Plaintiff as the gaming enforcement detective on duty, and explained to Plaintiff why he was there. Fevrier Dep. Tr. at 39:21-39:24.

10. Corporal Fevrier did not show a weapon.

11. Corporal Fevrier conduct a pat down of Plaintiff for officer safety.

12. Corporal Fevrier opened the waist wallet and saw identification showing Plaintiff was an Israeli citizen. *Id.* at 53:16-53:21.

13. Aside from the brief pat down, Corporal Fevrier did not touch Plaintiff.

14. Corporal Fevrier witnessed the permanent ejection notice issued to Plaintiff by Twin Rivers. *See id.* at 50:01-54:25.

15. Corporal Fevrier described Plaintiff's demeanor during their exchange as calm and not talkative. *Id*. at 66:01-66:03.

16. Plaintiff was then escorted to the exit by a Twin River security guard. *See* Diamant Dep. Tr., Dec. 7, 2018 at 55:04-55:07.

Respectfully Submitted,

        Defendant
RHODE ISLAND STATE POLICE
CORPORAL LAWENS FEVRIER, in his
official capacity,
By:

PETER F. NERONHA
ATTORNEY GENERAL

/s/ Brenda D. Baum
/s/ Justin J. Sullivan
_____

Brenda D. Baum, Bar No. 5184
Assistant Attorney General
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorney General
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2294 | bbaum@riag.ri.gov
Ext. 2007 | jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on Monday, December 09, 2019 I electronically filed the herein document via the ECF filing system and that a copy is available for viewing and downloading. I also hereby certify that I caused a copy of the herein document to be served via the ECF system to the following:

*Counsel for Plaintiff, Dan Diamant*
Thomas G. Briody, Esq.
TBriodylaw@aol.com

*Counsel for Defendant, UTGR (Twin River)*
Paul R. Crowell, Esq.
paul.crowell@zurichna.com

*Counsel for Defendant, Town of Lincoln*
Marc DeSisto, Esq.
marc@desistolaw.com
Kathleen A. Hilton, Esq.
Katie@desistolaw.com

        */s/Justin J. Sullivan*
        _____