IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

**DAN DIAMANT, Plaintiff**

      **vs.**                                         CA No. 17- cv548 JJM-PAS

**UTGR, Inc. dba Twin River Casino,
Et al.**

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Now comes the Plaintiff, by and through counsel, and proposes the following jury instructions.

                                                                    /S/ Thomas G. Briody_____
                                                                   Thomas G. Briody, Esq. #4427
                                                                   Law Office of Thomas G. Briody
                                                                   128 Dorrance Street
                                                                   Suite 550
                                                                   Providence, RI 02903
                                                                   Telephone: (401) 751-5151
                                                                   Facsimile: (401) 421-0876

## CERTIFICATION

The undersigned certifies that a true copy of these proposed jury instruction were served via electronic mail and via ECF Paul R. Crowell, Engleberg and Bratcher, 100 High Street, Boston, MA 02110, Brenda Baum, Rhode Island Department of Attorney General, 150 S. Main Street, Providence, RI 02903, and Marc DeSisto, 60 Ship Street, Providence, RI 02903 on this 20th of November, 2020.

                                                                  \_\_\_/s/ Thomas G. Briody\_\_\_

## NATURE OF PLAINTIFF'S CLAIM

**THE PLAINTIFF, DAN DIAMANT, ALLEGES THAT THE DEFENDANTS UNLAWFULLY DETAINED HIM AND FORCED HIM TO PRODUCE IDENTIFICATION WITHOUT ANY LEGAL JUSTIFICATION. IN DOING SO, THE DEFENDANTS VIOLATED HIS CIVIL RIGHTS TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF SECTION 1983, TITLE 42 OF THE UNITED STATES CODE.**

**THE PLAINTIFF FURTHER ALLEGES THAT THE DEFENDANTS FALSELY IMPRISONED HIM, IN VIOLATION OF RHODE ISLAND LAW.**

**42 U.S.C. 1983**

**SECTION 1983 OF TITLE 42 THE UNITED STATES CODE PROVIDES THAT EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY STATE, SUBJECTS OR CAUSES TO BE SUBJECTED, ANY PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE INJURED PARTY.**

**YOU ARE INSTRUCTED AS A MATTER OF LAW THAT UNDER THE CONSTITUION OF THE UNITED STATES THE FOURTH AMENDMENT GUARANTEES EVERY PERSON THE RIGHT TO BE SECURE IN HIS OR HER PERSON AGAINST AN UNREASONABLE SEIZURE.**

**<u>Bosworth v. Minella</u>, cv 12-509 ML (ECF 36) (D.R.I. 2013) (J. Lisi)**

## STOP AND IDENTIFY

**IT IS UNLAWFUL FOR POLICE OFFICERS TO DETAIN SOMEONE FOR REFUSING TO ANSWER QUESTIONS OR FOR CHALLENGING THEM. STOPPING AN INDIVIDUAL FOR THE SOLE PURPOSE OF OBTAINING IDENTIFICATION VIOLATES THE FOURTH AMENDMENT.**

**Houston v. Hill, 482 451, 461 (1987) ("the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers[.]"), Veiga v. McGee, 26 F.3d 1206, 1213 (1st Cir. 1994).**

**Brown v. Texas, 443 U.S. 4, 52 (1979).**

**FALSE IMPRISONMENT**

**WHENEVER A PERSON UNLAWFULLY OBSTRUCTS OR DEPRIVES ANOTHER OF HIS FREEDOM TO CHOOSE HIS LOCATION, FOR HOWEVER BRIEF A PERIOD, THAT PERSON WILL BE LIABLE FOR THAT INTERFERENCE.**

**Moody v. McElroy, 513 A.2d 5, 7-8 (R.I. 1986)**

**TO ESTABLISH THE INTENTIONAL TORT OF FALSE IMPRISONMENT, MR. DIAMANT MUST SHOW THAT (1) THE DEFENDANT OR DEFENDANTS INTENDED TO CONFINE HIM; (2) MR. DIAMANT WAS CONSCIOUS OF THE CONFINEMENT; (3) MR. DIAMANT DID NOT CONSENT TO THE CONFINEMENT; AND (4) THE CONFINEMENT WAS NOT OTHERWISE PRIVILEGED.**

**Id.  See also Powers v. Carvalho, 117 R.I. 519, 526, 368 A.2d 1242, 1246 (1977). MR. DIAMANT IS NOT REQUIRED TO SHOW THAT THE DEFENDANT OR DEFENDANTS ACTED WITH MALICE, ONLY THAT THE CONFINEMENT WAS INTENTIONAL.**

**Id.**

5

## LENGTH OF CONFINEMENT

**THE LENGTH OF THE CONFIENMENT IS NOT MATERIAL   THE TORT OF FALSE IMPRISONMENT PROVIDES A REMEDY FOR AN IMPOSITION OF AN UNLAWFUL RESTRAINT UPON ONE'S FREEDOM OF MOVEMENT.**

<u>Webbier v. Thoroughbred Racing Protective Bureau,</u> 105 R.I. 605, 613, 254 A.2d 285 (1969)

## **CONSENT TO CONFINEMENT**

**MR. DIAMANT'S CONSENT TO THE CONFINEMENT MAY NOT BE OBTAINED BY FORCE OR COERCION.  WHERE A PERSON IS UNLAWFULLY DETAINED BY ANOTHER AND IS FEARFUL THAT PHYSICAL FORCE WILL BE USED UNLESS HE SUBMITS TO THE DETENTION, HIS SUBMISSION DOES NOT BAR HIS CLAIM FOR FALSE IMPRISONMENT.**

**<u>Berberian v. Mitchell</u>, 131 R.I. 438, 441, 321 A.2d 431, 432 (1974), <u>Webbier v. Thoroughbred Racing Protective Bureau,</u> 105 R.I. 605, 613-14, 254 A.2d 285 (1969).**

## DAMAGES

**MR. DIAMANT MAY RECOVER COMPENSATORY DAMAGES EVEN THOUGH HE PROVES NO ACTUAL BODILY INJURY. THIS IS BECAUSE THE INJURY INVOLVED IN FALSE IMPRISONMENT IS IN PART A MENTAL ONE, AND THEREFORE MR. DIAMANT IS ENTITLED TO BE COMPENSATED FOR ANY MENTAL SUFFERING AND HUMILIATION THAT HE EXPERIENCED.**

**<u>Webbier v. Thoroughbred Racing Protective Bureau,</u> 105 R.I. 605, 620, 254 A.2d 285 (1969)**

**IN AN ACTION FOR FALSE IMPRISONMENT, THE PLAINTIFF MAY BE AWARDED PUNITIVE DAMAGES IN ADDITION TO COMPENSATORY DAMAGES.**

**<u>Soares v. Ann & Hope, Inc.</u>, 637 A.2d 339, 351 (R.I. 1994) and R.I.G.L. 12-7-14 (In an action for false imprisonment, the plaintiff, if successful, may be awarded punitive damages in addition to compensatory damages.)**

**IF YOU FIND THAT THE DEFENDANT OR DEFENDANTS ACTED WITH ACTUAL MALICE, RECKLESSNESS OR WANTONNESS, YOU MAY PROPERLY AWARD PUNITIVE DAMAGES AS WELL.**

**<u>Pimental v. Postoian</u>, 121 R.I. 6, 12-13, 393 A.2d 1097, 1102 (1978), <u>Sherman v. McDermott</u>, 114 R.I. 107, 109, 329 A.2d 195, 196 (1974).**

## SPOLIATION

**IN THIS CASE, YOU HAVE HEARD EVIDENCE REGARDING SURVEILLANCE CAMERAS AND VIDEOS EMPLOYED BY THE DEFENDANT U.T.G.R. ("TWIN RIVER") AND USED BY DEFENDANT POLICE OFFICERS ANTERNI, ENOS AND FEVRIER.  YOU HAVE ALSO HEARD EVIDENCE THAT THE PLAINTIFF SOUGHT TO PRESERVE ANY VIDEOS PERTAINING TO HIS INTERACTION WITH TWIN RIVER SECURITY OFFICERS AND THE DEFENDANT POLICE OFFICERS, AND THAT SUCH VIDEOS WERE DESTROYED.**

**EVIDENCE THAT IS DESTROYED IS SUBJECT TO A DOCTRINE CALLED SPOLIATION.  THE DOCTRINE OF SPOLIATION PROVIDES THAT THE DELIBERATE OR NEGLIGENT DESTRUCTION OF RELEVANT EVIDENCE BY A PARTY TO LITIGATION MAY GIVE RISE TO AN INFERENCE THAT THE DESTROYED EVIDENCE WAS UNFAVORABLE TO THAT PARTY.  YOU MAY CONSIDER THIS AS PART OF YOUR DELIBERATIONS ON THE ISSUES OF FALSE IMPRISONMENT, AND VIOLATION OF THE PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE.**

**<u>Mead v. Papa Razzi Restaurant</u>, 840 A.2d 1103, 1108 (R.I. 2004) (quoting <u>Tancrelle v. Friendly Ice Cream Corp.</u>, 756 A.2d 744, 748 (R.I. 2000))**

## BURDEN OF PROOF

**THE PLAINTIFF HAS THE BURDEN OF PROVING EACH AND EVERY ELEMENT OF HIS CLAIM FOR DAMAGES BY A PREPONDERANCE OF THE EVIDENCE, WHICH IS ANOTHER WAY OF SAYING THAT THE PLAINTIFF MUST PROVE THEM BY THE GREATER WEIGHT OF THE EVIDENCE.  TO PUT THIS ANOTHER WAY, YOU MUST BE SATISFIED THAT THE EVIDENCE SHOWS THAT WHAT HE IS CLAIMING IS MORE PROBABLY TRUE THAN NOT.**

**FV Erin Renee, LLC and Sea Harvest, Inc. v. Promet Marine Services Corporation** (09-cv-340) (ECF 37) (D.R.I. 2011) (J. McConnell).

## TESTIMONY OF A SINGLE WITNESS

**IN EVALUATING THE EVIDENCE IN THIS CASE, KEEP IN MIND THAT THE TESTIMONY OF A SINGLE WITNESS, IF BELIEVED BY YOU, CAN BE ENOUGH TO SUPPORT AN ALLEGATION BY A PARTY.  PUT ANOTHER WAY, YOU NEED NOT FIND THAT TESTIMONY MUST HAVE ADDITIONAL PROOF, OR "CORROBORATION," IN ORDER TO FIND THAT TESTIMONY TO BE TRUE.**

**<u>Unites States v. Meises</u>, 645 F.3d 5, 12 (1st Cir. 2011), <u>United States v. De La Paz-Rentas</u>, 613 F.3d 18-24-25 (1st Cir. 2010.**

## MERE PRESENCE IS SUFFICIENT TO
## CREATE LIABILITY UNDER SECTION 1983

A POLICE OFFICER WHO FAILS TO INTERCEDE WHILE A COLLEAGUE OR ANOTHER OFFICER DEPRIVES A VICTIM OF HIS FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE WOULD, LIKE HIS COLLEAGUES, BE RESPONSIBLE FOR SUBJECTING THE VICTIM TO A DEPRIVATION OF HIS FOURTH AMENDMENT RIGHTS.

**Gutierrez-Rodriguez v. Cartagena**, 882 F.2d 553 (1st Cir. 1989) (four police officers held liable for shooting, including one who presented evidence he was asleep at the time of the shooting, where only one officer's weapon actually caused harm to plaintiff)

See also:

**United States v. Koon**, 34 F.3d 14116, 1447 n.25 (9th Cir. 1994), aff'd in part, rev'd in part, **Koon v. United States**, 518 U.S. 81 (1996); see also **Randall v. Prince George's County, Md.**, 302 F.3d 188, 204 (4th Cir. 2002) ("[A]n officer may be liable under section 1983, on a theory of bystander liability, if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.").

**COMPENSATORY DAMAGES**

**IF YOU FIND THAT MR. DIAMANT'S WAS FALSELY IMPRISONED, OR THAT HIS CIVIL RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE HAS BEEN VIOLATED BY ANY OF THE DEFENDANTS, YOU MUST DETERMINE THE DAMAGES HE HAS SUFFERED.**

**THE FIRST KIND OF DAMAGES YOU MUST DETERMINE IS COMPENSATORY DAMAGES.**

**THE PURPOSE OF A COMPENSATORY DAMAGE AWARD IS TO PUT A PLAINTIFF IN AS GOOD A POSITION AS HE WAS BEFORE THE DAMAGE OCCURRED.  MR. DIAMANT SEEKS COMPENSATORY DAMAGES FOR THE DETENTION HE SUFFERED, THE SEIZURE OF HIS IDENTIFICATION, AND ANY LOSS HE SUFFERED AS A RESULT OF THE SEIZURE OF THAT IDENTIFICATION.**

**COMPENSATORY DAMAGES ARE COMPOSED OF ECONOMIC LOSS AND MENTAL SUFFERING.  TO RECOVER ECONOMIC DAMAGES, MR. RICHER MUST PROVE SOME ECONOMIC HARM THAT HE HAS EXPERIENCED.  TO RECOVER FOR MENTAL SUFFERING, YOU MAY CONSIDER PERSONAL HUMILIATION, AND MENTAL ANGUISH AND SUFFERING.  MENTAL SUFFERING MAY INCLUDE NERVOUSNESS, ANXIETY, WORRY, SHOCK, HUMILIATION, EMBARRASSMENT OR INDIGNITY.  WHILE IT IS**

13

**DIFFICULT TO MEASURE THIS IN TERMS OF MONEY, YOU MAY NOT SPECULATE OR GUESS. ANY AWARE MUST BE BASED ON THE EVIDENCE AND WHAT YOUR CONSIDERED JUDGMENT CONSTITUTES FAIR AND ADEQUATE COMPENSATION FOR ANY MENTAL SUFFERING THAT HAS BEEN PROVED. THE DETERMINATION OF WHAT AMOUNT, IF ANY YOU AWARD IS SOLELY TO BE MADE BY YOU.**

**RICHARD V. PARMALEE, ET AL.** 2015- 162 M-PAS (ECF 116)

## PUNITIVE DAMAGES

IN ADDITION TO COMPENSATORY DAMAGES, THE PLAINTIFF SEEKS TO RECOVER PUNITIVE DAMAGES FROM THE DEFENDANTS IN THIS CASE.

THE PURPOSE OF PUNITIVE DAMAGES IS NOT TO COMPENSATE A PLAINTIFF, BUT RATHER TO PUNISH A WRONGDOER FOR OUTRAGEOUS OR EXTRAORDINARY MISCONDUCT, AND TO DETER THEM OR OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE.  YOU MAY DECIDE TO AWARD PUNITIVE DMAGES IF YOU FIND THAT A DEFENDANT'S CONDUCT WAS SHOWN TO BE MOTIVATED BY EVIL MOTIVE OR INTENT, OR THAT IT INVOLVES RECKLESS OR CALLOUSE INDIFFERENCE TO THE CIVIL RIGHTS OF OTHERS.  YOU MAY NOT AWARD PUNITIVE DAMAGES AGAINST A DEFENDANT UNLESS YOU FIND, BY A PREPONDERANCE OF THE EVIDENCE, THAT A DEFENDANT'S ACTIONS WERE MALICIOUSLY, WILLFULLY, WANTONLY OR RECKLESSLY DONE AND ARE FOUND TO BE SO WIFLLFUL, RECKLESS OR WICKED THAT THEY AMOUNT TO CRIMINALITY.  AN ACT, OR A FAILURE TO ACT, IS DONE WITH MALICE IF PROMPTED OR ACCOMPANIED BY ILL WILL, SPITE, OR GRUDGE TOWARD A PLAINTIFF.  YOU MAY CONSIDER ALL THE EVIDENCE IN THE CASE IN MAKING THIS DETERMINATION.  AC ACT IS DONE "WILLFULLY" IF IT IS DONE VOLUNTARILY OR INTENTIONALLY, WITH THE SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS, THAT IS TO SAY, WITH

**A PURPOSE EITHER TO DISOBEY OR DISREGARD THE LAW. ANY ACT OR OMISSION IS "WANTONLY" DONE IF DONE IN CALLOUS OR RECKLESS DISREGARD OF, OR INDIFFERENCE TO THE RIGHTS OF ONE OR MORE PERSONS, INCLUDING THE INJURED PERSON. "RECKLESSLY" MEAND WITH INDIFFERENCE TO CONSEQUENCES. IF A PERSON ACTS WITHOUT REGARD TO POSSIBLE CONSEQUENCES, HE MAY BE FOUND TO HAVE ACTED RECKLESSLY. INTENT ORDINARILY MAY NOT BE PROVED DIRECTLY BECAUSE THERE IS NO WAY TO DIRECTLY EXAMINE THE THOUGHTS OF ANOTHER HUMAN BEING. YOU MAY, HOWEVER, INFER A PERSON'S INTENT FROM SURROUNDING CIRCUMSTANCES. YOU MAY CONSIDER ANY STATEMENT MADE OR ACT DONE OR OMITTED BY A PERSON WHOSE INTENT IS AN ISSUE, AND ALL OTHER FACTS AND CIRCUMSTANCES WHICH INDICATE HIS STATE OF MIND. YOU MAY AWARD THE PLAINTIFF PUNITIVE DAMAGES WHETHER OR NOT YOU FIND THAT HE SUFFERED ACTUAL OR COMPENSATORY DAMAGES. THAT IS, YOU NEED NOT FIND THAT THE PLAINTIFF INCURRED AN ECONOMIC OR TANGIBLE LOSS IN ORDER TO AWARD PUNITIVE DAMAGES. IN ADDITION, AN AWARD OF NOMINAL DAMAGES OR ACTUAL DAMAGES WILL NOT PREVENT YOU FROM AWARDING PUNITIVE DAMAGES.**

**<u>Shelton v. Wozny, et al</u>. 2014 cv 313 JJM (ECF 56) (D.R.I. 2018)**