UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DANIEL DIAMANT,**<br>    *Plaintiff*<br><br>v.<br><br>**UTGR, INC. d/b/a Twin River Casino,** *et al.*,<br>    *Defendants* | C.A. No. 1:17-cv-00548-MSM-PAS |

### RHODE ISLAND STATE POLICE CORPORAL LAWENS FEVRIER'S MOTION IN LIMINE TO PRECLUDE A SPOLIATION REFERENCE OR ADVERSE INFERENCE INSTRUCTION, WITH RESPECT TO AND THAT WOULD UNDULY PREJUDICE HIM

    Defendant RISP Corporal Fevrier's moves in limine to exclude any reference, argument, or instruction related to an alleged spoliation of evidence as it pertains to him or as could prejudice him as a third party to a spoliation reference or instruction. Plaintiff cannot establish that Defendant Corporal Fevrier failed to preserve or destroyed evidence, specifically video footage of Twin River Casino on July 2, 2016.

    Spoliation has been described as the intentional, negligent, or malicious destruction of relevant evidence." *EEOC v. Chipolte Mexican Grill,* 98 F. Supp. 3d 198, 211 (D-MA 2015) (quoting *Townsend v. Am. Insulated Panel Co., Inc.,* 174 F.R.D. 1, 4 (D.Mass.1997)). The party seeking a spoliation inference or instruction must demonstrate: "1) an act of destruction; 2) discoverability of the evidence; 3) intent to destroy the evidence; and 4) occurrence of the act after commencement of litigation or, if before, at a time when the party was on notice that the evidence might be

1

relevant to potential litigation." *Id*. (quoting *Gordon v. DreamWorks Animation SKG, Inc.,* 935 F.Supp.2d 306, 313 (D.Mass.2013).  Plaintiff cannot satisfy these elements as to Corporal Fevrier and any claim of spoliation fails.

      Corporal Fevrier did not have custody of the video surveillance from Twin River for the July 2, 2016 date.  There was no reasonable basis for Corporal Fevrier to seek to preserve the video surveillance from that evening as no criminal charges were filed against Plaintiff Diamant.  It is further undisputed that Plaintiff never placed Corporal Fevrier on notice to seek to preserve video from that evening or even that he was the subject of a lawsuit until the instant case was filed and served.  Plaintiff cannot demonstrate that Defendant Corporal Fevrier destroyed the video surveillance from Twin River for the July 2, 2016 date.  Plaintiff should be precluded from making any reference, argument, or instruction related to an alleged destruction of the video for Twin River for July 2, 2016 or spoliation of evidence.  No adverse inference showed be permitted drawn or held against Defendant Corporal Fevrier related to the video footage.

      Moreover, Defendant Corporal Fevrier should not be prejudiced as a third party to a spoliation reference or instruction given with respect to any other party in this case. A trial court has "broad discretion in choosing an appropriate sanction for spoliation" and 'the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine.'" *Sharp v. Hylas Yachts, LLC,* 872 F.3d 31, 42 (1st Cir. 2017) (quoting *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)).  While the trial court may consider as part of a

sanction an adverse inference instruction when a party fails to preserve evidence that should exist and is within the party's control, and the party is placed on notice to preserve, such an instruction "usually makes sense only where the evidence permits a finding of bad faith destruction; ordinarily, *negligent* destruction would not support the logical inference that the evidence was favorable to the [moving party]." *United States v. Laurent*, 607 F.3d 895, 902 (1st Cir. 2010).

Should this Honorable Court determine that another party in this litigation failed to preserve the video, a sanction cannot be imposed that would unfairly prejudice Defendant Corporal Fevrier. Argument by Plaintiff that an adverse inference should be drawn and his version of the events be believed or an adverse inference instruction by this Court will necessarily and irreparably prejudice Defendant Corporal Fevrier; prejudice to the point that he would be unable to get a fair trial. A jury cannot be instructed to infer that video would have supported Plaintiff's version of events with respect to one defendant in this case without it severely prejudicing Corporal Fevrier.

Wherefore, Plaintiff should be precluded from making any reference, argument, or instruction related to an alleged destruction of the video for Twin River for July 2, 2016 or spoliation of evidence and this Honorable Court should deny and refrain from any instruction that an adverse inference should be drawn based on the failure to preserve the video of July 2, 2016.

Respectfully Submitted,

Defendant
RHODE ISLAND STATE POLICE
CORPORAL LAWENS FEVRIER
By:

PETER F. NERONHA
ATTORNEY GENERAL

/s/ Brenda D. Baum

_____

Brenda D. Baum, Bar No. 5184
Assistant Attorney General
150 South Main St.
Providence, RI 02903
Tel: (401) 274-4400
Fax: (401) 222-2995
Ext. 2294 | bbaum@riag.ri.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on Friday, November 20, 2020 I electronically served this document through the electronic filing system upon:

*Counsel for Plaintiff, Dan Diamant*
Thomas G. Briody, Esq.
TBriodylaw@aol.com

*Counsel for Defendant, UTGR (Twin River)*
Paul R. Crowell, Esq.
paul.crowell@zurichna.com

*Counsel for Lincoln Defendants*
Marc DeSisto, Esq.
Patrick Burns, Esq.
marc@desistolaw.com
pburns@desistolaw.com

*/s/ Brenda D. Baum*