UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**DAN DIAMANT**

        v.                                          C.A. No. 1:17-cv-00548-JJM-PAS

**UTGR, INC. d/b/a Twin River Casino
and John Does, various security personnel
Employed by Twin River Casino, as well as
Joseph Anterni and Russell Enos, police officers
employed by the Town of Lincoln,
Rhode Island, and Detective Trooper
Lawens Fevrier, Rhode Island State Police**

## UTGR, INC.'S MOTION IN LIMINE TO PRECLUDE "GOLDEN RULE" AND CONSCIENCE OF THE COMMUNITY ARGUMENTS

Plaintiff, Dan Diamant ("Plaintiff"), has filed a complaint against UTGR, Inc. ("UTGR"), the Town of Lincoln ("Town"), Town of Lincoln Police Officer Joseph Anterni and Russell Enos, the Rhode Island State Police, and Rhode Island State Police Trooper Lawens Fevrier ("Fevrier"). as result of an incident that occurred at Twin River Casino on July 2, 2016.  In sum, the basis of plaintiff's claim is that he was falsely imprisoned and held against his will in order to force him to produce identification.

UTGR, Inc.  respectfully submit this Motion in Limine for an order precluding the plaintiff from raising "Golden Rule" arguments – including "conscience of the community" arguments at trial.  This Motion is based upon the grounds that such evidence is irrelevant, contrary to Rhode Island law, and presents a substantial danger of unfair prejudice and misleading the jury

### ARGUMENT

The "Golden Rule" argument improperly asks jurors to put themselves in the shoes of a plaintiff when determining a verdict. *Forrestal v. Magendantz,* 848 F.2d 303, 309 (1st Cir. 1988).

Golden Rule arguments are not permitted a trial because they "encourage[] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Moreno*, 947 F.2d 7, 8 (1st Cir. 1991), quoting *Forrestal,* 848 F.2d at 309.  A variation of the Golden Rule argument is one that improperly involves evoking the jurors' fears of danger to the community as a result of a defendant's conduct and improperly asks that the jury be the "conscience of the community" and to "send a message" with its verdict. See *Dorman v. Anne Arundel Med. Ctr.,* No. CV MJG-15-1102, 2018 WL 2431859, at *6–7 (D. Md. May 30, 2018), *aff'd sub nom. Dorman v. Annapolis OB-GYN Assocs., P.A.*, 781 F. App'x 136 (4th Cir. 2019).

However, it is well-established that the First Circuit prohibits any argument asking the jury to send a message, to act as the conscience of the community, or to decide a case based on personal interest. *See Suarez Matos v. Ashford Presbyterian Cmty. Hosp., Inc.*, 4 F.3d 47, 51 (1st Cir. 1993) (it was "outrageous" for plaintiff's counsel to tell the jury that it is the "conscience of the community" and that it should decide the case "with your heart, with you head, using the ordinary experience of life"); *United States v. Aviles-Colon*, 536 F.3d 1, 24 (1st Cir. 2008) (inappropriate for prosecutor to appeal to the jury's emotions by linking criminal matter to violence in the community); *United States v. Martinez-Medina,* 279 F.3d 105, 118–19 (1st Cir. 2002) (appeals to the jurors to rely on their "hearts and minds" and their "conscience" constitute "plainly improper appeals to the jury's emotions and role as the conscience of the community."). Such arguments are inappropriate and are disfavored by Federal Courts because they improperly urge the jurors to "render a verdict against Defendant on the basis of fear for the safety of the community or fear for the safety of the jury and their families" rather than deciding the case on its merits. *See Brooks v. Caterpillar Glob. Mining Am., LLC,* No. 4:14CV-00022-JHM, 2017 WL 3401476, at *9 (W.D. Ky. Aug. 8, 2017), citing *Strickland v. Owens Corning,* 142 F.3d 353, 358 (6th Cir. 1998) (noting that the Sixth Circuit disfavors any arguments that ask a jury to "send a message" or act as the "conscience of the community").

Because Golden Rule arguments and appeals to jurors as the "conscience of the community" are inappropriate, but difficult to correct even with a "curative" instruction, UTGR requests that the Court prohibit at the outset of trial any potential efforts by the plaintiff such impermissible "Golden Rule" arguments and to enter an order precluding the same

W**HEREFORE**, UTGR respectfully requests that the Court enter an order precluding any "Golden Rule" and/or "conscience of the community" arguments."

UTGR, Inc.,
By Its Attorney,

*/s/ Paul R. Crowell*

Paul R. Crowell, Esq. (#6904)
Engelberg & Bratcher
100 High Street, Suite 1450
Boston, MA  02110
T:  617-371-4228
*paul.crowell@zurichna.com*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2020, I electronically filed the herein document via the ECF filing system and that a copy is available for viewing and downloading. I also hereby certify that I caused a copy of the herein document to be served via the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF)

*/s/* Paul R. Crowell
Paul R. Crowell, Esq. (6904