# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DANIEL DIAMANT,**<br>    *Plaintiff*<br><br>v.<br><br>**UTGR, INC. d/b/a Twin River Casino,** *et al.*,<br>    *Defendants* | C.A. No. 1:17-cv-00548-MSM-PAS |

### DEFENDANT RHODE ISLAND STATE POLICE CORPORAL LAWENS FEVRIER'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION ON SPOLIATION

Now comes Defendant Rhode Island State Police Corporal Fevrier and respectfully submits that should this Honorable Court find that Plaintiff has established the requisite elements of spoliation against co-defendant UTGR, Inc. that this Court: (1) use its discretion not to instruct the jury on spoliation as it may unduly and unfairly prejudice Defendants Rhode Island State Police Corporal Fevrier, the Town of Lincoln and its Police Officers Anterni and Enos or (2) provide the proposed jury instruction on spoliation.

### INSTRUCTION REQUEST

In this case there has been testimony and documents regarding surveillance cameras used at Twin River Casino by UTGR, Inc. in its operation of the Casino. The Plaintiff contends that UTGR failed to prevent the loss or destruction of the video surveillance from July 2, 2016. This claim is known as "spoliation of evidence." To

prove spoliation of evidence, Plaintiff must prove that UTGR

> 1) committed an act of destruction;
>
> 2) of discoverable evidence;
>
> 3) with an intent by UTGR to destroy the evidence; and
>
> 4) the occurrence of the act after commencement of litigation or at a time when UTGR was on notice that the evidence might be relevant to potential litigation; and
>
> 5) the evidence would have clarified a fact at issue in trial.

Should you find that Plaintiff has satisfied these five prongs, you may – but are not required to – infer that the video would have been unfavorable to UTGR.

While you may, but are not required to, infer that the video would have been unfavorable to UTGR, the absence of the video cannot be considered as against the other defendants. Therefore, I am instructing you that you cannot infer from the absence of the video facts that would have been unfavorable to Rhode Island State Police Corporal Fevrier, the Town of Lincoln, or Lincoln Officers Anterni and Enos. You cannot let an inference you make, if any, as to the failure to maintain the video at Twin River Casino on July 2, 2016, play any role or determination in your evaluation of the evidence, credibility determinations or verdict as it relates to the actions of Rhode Island State Police Corporal Fevrier or the Town of Lincoln and its Police Officers Anterni and Enos.

If you choose to consider the absence of the video, bear in mind that you may consider it only on an issue for which it might have provided evidence. For example, you have heard evidence that none of the video cameras at the casino recorded sound.

Therefore, you cannot consider the absence of the video in trying to resolve discrepancies regarding what was said during the events.

*Booker v. Massachusetts Department of Public Health,* 612 F.3d 34 (1st Cir. 2010); *EEOC v. Chipolte Mexican Grill,* 98 F. Supp. 3d 198, 211 (D-MA 2015); *Sharp v. Hylas Yachts, LLC,* 872 F.3d 31, 42 (1st Cir. 2017) (quoting *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)).

        Respectfully Submitted,

        Defendant
        RHODE ISLAND STATE POLICE
        CORPORAL LAWENS FEVRIER
        By:

        PETER F. NERONHA
        ATTORNEY GENERAL

        /s/ *Brenda D. Baum*
        _____
        Brenda D. Baum, Bar No. 5184
        Assistant Attorney General
        150 South Main St.
        Providence, RI 02903
        Tel: (401) 274-4400 ext. 2294
        Fax: (401) 222-2995
        bbaum@riag.ri.gov

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on Friday, July 16, 2021 I electronically served this document through the electronic filing system upon the following:

*Counsel for Plaintiff, Dan Diamant*
Thomas G. Briody, Esq.
TBriodylaw@aol.com

*Counsel for Defendant, UTGR (Twin River)*
Paul R. Crowell, Esq.
paul.crowell@zurichna.com

*Counsel for Defendant, Town of Lincoln*
Marc DeSisto, Esq.
Patrick Burns, Esq.
marc@desistolaw.com
pburns@desistolaw.com

                        */s/ Brenda D. Baum*