## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF RHODE ISLAND

**DAN DIAMANT, Plaintiff**

      **vs.**                                               **CA No. 17- cv548 JJM-PAS**

**UTGR, Inc. dba Twin River Casino,**
**Et al.**

## PLAINTIFF'S MOTION IN LIMINE
## REGARDING "INTEGRITY OF THE GAME."

Now comes plaintiff, by and through counsel, and moves this honorable court *in limine* to prohibit defense counsel, defendants, or Twin River Security personnel from asking questions regarding card counting affecting "the integrity of the game." Such questions are misleading and confusing, and without evidentiary support.

During voir dire on July 22, 2021, counsel for Twin River attempting to elicit information from the venire regarding card counting and how it may affect other players. The inference that Twin River seeks to make is that counting cards in blackjack is dishonest, and has an impact on the play of others seated at the black jack table. Similarly, Detective Lawens Fevrier testified in deposition that card counting affected the "integrity of the game." However, Detective Fevrier was unable to say how the act of counting cards affected the integrity of the game:

> **Fevrier: Well, my understanding of someone using—counting cards in their head is that it compromises the integrity and fairness and honesty of the games.**
>
> **Counsel: Counting cards in your head compromises the integrity of the game?**

1

> **Fevrier:** Correct, sir.
>
> **Counsel:** How does it do that?
>
> **Fevrier:** I'm not sure. I'm not sure how, and that's one of the reasons why it's not a crime, but the casinos actually would prefer you not to do that. Therefore, they would issue an ejection notice if you are known to count cards.

**Deposition of Lawens Fevrier, pp. 13-14.**

While it is certainly true that casinos prefer that players not count cards, there is no evidence in the record of this case that the lawful practice of counting cards somehow affects the "integrity" of blackjack.

Blackjack is a table game in which individual players bet against a dealer. In casino blackjack, the house (in this case, Twin River) controls the rules and conditions under which the game is played. Players are free to enter a game when there is an opening at a table, and to leave any time a hand has ended. Defendants have offered no evidence that card counting affects or undermines the honesty of how blackjack is played. They have not identified an expert who can testify regarding gaming "integrity."

The term "integrity of the game" is not defined under Rhode Island law. Rhode Island's Gaming Enforcement Statute, R.I.G.L. 42-61.3-1(d)(3) and (4), empowers the state police to monitor and investigate criminal activity and to take any and all actions necessary to enforce laws related to casino gaming activities. The Gaming Enforcement Unit is further authorized to work independently and in conjunction with other state agencies to "ensure the integrity of casino gaming activities in the state." R.I.G.L. 42-

61.3-1(b).  The intent of the statute is to authorize criminal investigations into cheating, theft and other crimes associated with casino gambling.

Mr. Diamant has committed no crime.  He does not dispute the right of Twin River to ask him to leave its casino.  But the thrust of defense counsel's questions and Detective Fevrier's statements is to imply that Mr. Diamant engaged in criminal (or quasi criminal) activity.  The reality, Mr. Diamant submits, is that Twin River discourages card counting because it affects the casino's bottom line.  Regardless, the suggestion that Mr. Diamant's decision to legally count cards is "dishonest" is irrelevant, unfairly prejudicial, and likely to mislead jurors into believing that the Plaintiff did something wrong.

For these reasons, plaintiff's motion should be granted.

    _/S/_Thomas G. Briody_____
Thomas G. Briody, Esq. #4427
Law Office of Thomas G. Briody
128 Dorrance Street
Suite 550
Providence, RI 02903
Telephone: (401) 751-5151
Facsimile: (401) 421-0876

## CERTIFICATION

The undersigned certifies that a true copy of this motion in limine was served via electronic mail and via ECF Paul R. Crowell, Engleberg and Bratcher, 100 High Street, Boston, MA 02110, Brenda Baum, Rhode Island Department of Attorney General, 150 S. Main Street, Providence, RI 02903, and Marc DeSisto, 60 Ship Street, Providence, RI 02903 on this date.

    ___/s/ Thomas G. Briody___